**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DWIGHT CAMPBELL,<br><br>Plaintiff,<br>v.<br><br>JUDICIAL CONDUCT BOARD OF PA and JACKIE BERNARD, *Blair County Court of Common Pleas*,<br><br>Defendants. | ) | Civil No. 3:25-cv-00127<br>Judge Stephanie Haines |

## OPINION

### I. Introduction

In this case, Plaintiff Dwight A. Campbell ("Mr. Campbell") advances multiple claims alleging violations of his rights under the United States Constitution and other provisions of law as against Defendants the Judicial Conduct Board of Pennsylvania (the "JCB") and the Honorable Jackie A. Bernard ("Judge Bernard") (collectively, "Defendants"). (*See* ECF No. 11).

Currently pending before the Court are thirteen motions, all but one of which were filed by Mr. Campbell. This Opinion resolves, or at the very least address, each of those Motions.

First, for the following reasons, the Court DENIES Mr. Campbell's requests for recusal of the undersigned and a prior Magistrate Judge of this Court. (ECF No. 39).

Second, for the following reasons, the Court DENIES Mr. Campbell's request that the Court appoint counsel to represent him. (ECF No. 28).

Third, for the following reasons, the Court DENIES Mr. Campbell's Motion to Move State Court Criminal Cases Against Him to this Court. (ECF No. 22).

Fourth, the Court DENIES Mr. Campbell's Motions at ECF Nos. 33 and 35 because the Court finds that they are unavailing Motions for Reconsideration of this Memorandum Court's Order at ECF No. 18. The Court also DENIES Mr. Campbell's Motion at ECF No. 58 for the same reasons it articulated in its Memorandum Order at ECF No. 18.

Fifth, the Court finds that Mr. Campbell's Motion at ECF No. 32 has been mooted by the foregoing, and the Court therefore DENIES it.

Sixth, because this Court's Order at ECF No. 10 is in accord with the law, and because Mr. Campbell has failed to give this Court any reason to interfere with any other deductions from his prison account, the Court DENIES his Motion at ECF No. 29.

Seventh, because it appears that ECF No. 34 pertains to another case, the Court DENIES that Motion.

Eighth, the Court finds that ECF No. 36 is now moot, and the Court DENIES it on that basis.

Ninth, the Court finds that Mr. Campbell's Motions at ECF Nos. 38 and 53 are both premature, and the Court denies both Motions on that basis. As a courtesy to Mr. Campbell, the Court directs the Clerk to mail him a current copy of the docket sheet in this case after docketing the Opinion and the Order that the Court issues today.

Finally, the Court orders Mr. Campbell to file his Brief in Opposition to Defendants' Motion to Dismiss at ECF No. 51 on or before **October 22, 2026**. Defendants may file a Reply on or before **October 29, 2026**.[1]

---

[1] The Court has subject matter jurisdiction over this case because Mr. Campbell advances claims arising under multiple provisions of federal law. (*See* ECF No. 11); 28 U.S.C. §1331. And the Court has supplemental jurisdiction over his other claims. 28 U.S.C. § 1367. Finally, venue is proper in this District because a substantial part of the events giving rise to Mr. Campbell's claims occurred here. 28 U.S.C. § 1391(b)(2).

## II. The Court Denies Mr. Campbell's Motion for Recusal (ECF No. 39)

In Mr. Campbell's Motion at ECF No. 39, he requests that the undersigned recuse herself from this case, apparently moving under one or all of 28 U.S.C. §§ 144, 455(a), (b).[2] Mr. Campbell's arguments in favor of recusal fall into one of the following two categories, or both: (1) disagreements with this Court's legal rulings or (2) threadbare, generalized, and wholly unfounded accusations of malice on the part of the undersigned against Mr. Campbell. Neither category warrants recusal, taken individually or collectively.

Recusal motions pursuant to § 144 "must be timely filed, contain a good faith certificate of counsel, and include an affidavit stating material acts with particularly which, if true, would lead a reasonable person to the conclusion that the district judge harbored a special bias or prejudice toward the moving party." *Allen v. Parkland Sch. Dist.*, 230 F. App'x 189, 192 (3d Cir. 2007) (internal quotation marks and citation omitted). While the facts "in timely affidavits are accepted as true, conclusory statements and opinions … need not be credited." *Id.* (internal quotation marks and citation omitted). Mr. Campbell's Motion does not contain any sworn statement(s) by him, and his Motion does not contain any argument(s) other than his disagreement with this Court's rulings and/or generalized and unfounded accusations against the undersigned with no basis in fact whatsoever. (*See* ECF No. 39). Therefore, the Court denies Mr. Campbell's request for recusal under § 144. *Allen*, 230 F. App'x at 193 ("Allen's allegations of bias amount to no more than speculation, thus hardly providing grounds for Judge Rapaport's recusal under § 144.").

---

[2] In Mr. Campbell's Motion at ECF No. 39, he also requests that Magistrate Judge Pesto be removed from this case. Insofar as Magistrate Judge Pesto no longer works for this Court, the Court denies that component of Mr. Campbell's Motion as moot.

Finally, in Mr. Campbell's Motion at ECF No. 39, he requests that this case be transferred. The Court can discern no potential legal basis for transfer in that Motion other than Mr. Campbell's arguments about recusal, which the Court finds unavailing. Therefore, the Court denies Mr. Campbell's request for a transfer in ECF No. 39.

Turning to § 455(a), the "test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *Id.* (internal quotation marks and citation omitted). Once again, the Court holds that Mr. Campbell's disagreements with the undersigned's rulings and generalized and wholly unfounded accusations do not meet this standard—his disagreements and accusations would not lead a reasonable person to question this Court's impartiality.

Turning finally to § 455(b)(1), that provision calls for disqualification of a judge whenever that judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." With respect to this provision, "courts have held that the litigant must prove actual bias or prejudice by compelling evidence … and that the evidence of a negative bias or prejudice … must be grounded in some personal animus or malice that the judge harbors against him." *In re Vascular Access Ctrs., L.P.*, 630 B.R. 137, 153 (Bankr. E.D. Pa. 2021) (cleaned up). "Personal bias or prejudice connotes a favorable or unfavorable disposition or opinion towards an individual in his case that is somehow *wrongful or inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess … or because it is excessive in degree." *Id.* (cleaned up) (emphasis in original). Ultimately, "courts must determine whether an informed objective, reasonable observer would be convinced of the judge's bias." *Id.* As before, Mr. Campbell's disagreements with this Court's legal rulings and generalized, wholly unfounded accusations of bias fail to meet this standard. (*See* ECF No. 39). Further, none of the other grounds listed in § 455(b) are present in this case. Therefore, the Court denies Mr. Campbell's Motion at ECF No. 39 in full.

In denying Mr. Campbell's Motion for Recusal, the Court stresses, as it has before, that it sees Mr. Campbell, like all other litigants before it, as a person cloaked in the full protections

offered by the law, without any reference to any irrelevant, external factors whatsoever. The undersigned has applied the law as written to Mr. Campbell, without bias or prejudice, and the undersigned will continue to follow that course of conduct relative to him in the future.

## III. The Court Denies Mr. Campbell's Motion for Appointment of Counsel (ECF No. 28)

In Mr. Campbell's Motion at ECF No. 28, he states that "28 [U.S.C. §] 1915(d) allows this Court to ask counsel to represent [him][,]" and Mr. Campbell moves the Court to make such a request in this case. (*Id.*). Mr. Campbell offers three reasons why the Court should grant his Motion: (1) he is deprived of the "Law Library in the D.O.C. of Pennsylvania[,]" (2) to help the Court understand his claims, and (3) to bring closure to this matter. (*Id.*).

### A. Legal Standard

It is "well-settled that '[i]ndigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel.'" *Hodges v. Burkhart*, No. 23-CV-3, 2023 WL 12031721, at *1 (W.D. Pa. Oct. 20, 2023) (quoting *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002)). Yet, "28 U.S.C. § 1915(e)(1) provides that the Court may 'request' that an attorney represent an indigent litigant in a civil case." *Hodges*, 2023 WL 12031721, at *1. The Third Circuit "has interpreted § 1915 as affording district courts 'broad discretion' to determine whether appointment of counsel in a civil case would be appropriate." *Montgomery*, 294 F.3d at 498 (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). The "*Tabron* court found that the decision to appoint counsel may be made at any point in the litigation, and [it] may be made by a district court *sua sponte*." *Id.* (citing *Tabron*, 6 F.3d at 156).

In *Tabron*, the Third Circuit "developed a list of criteria to aid the district courts in weighing the appointment of counsel for indigent civil litigants." *Id.* As a threshold matter, a "district court must assess whether the claimant's case has some arguable merit in fact and law."

*Id.* at 498–99. If a "claimant overcomes this threshold hurdle, [the Third Circuit has] identified a number of factors that a court should consider when assessing a claimant's request for counsel." *Id.* at 499. These include: (1) "the plaintiff's ability to present his or her own case;" (2) "the difficulty of the particular legal issues;" (3) "the degree to which factual investigation will be necessary and the ability to of the plaintiff to pursue investigation;" (4) "the plaintiff's capacity to retain counsel on his or her own behalf;" (5) "the extent to which a case is likely to turn on credibility determinations, and;" (6) "whether the case will require testimony from expert witnesses." *Id.* (citing *Tabron*, 6 F.3d at 155–57).

Finally, the Third Circuit has "noted that this list of factors is not exhaustive, but [it] should serve as a guidepost for the district courts." *Id.* (internal quotation marks and citation omitted). In addition, the Third Circuit has "cautioned that courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Id.*

**B. Discussion**

Turning first to the issue of whether Mr. Campbell's claims have some arguable merit in fact and law, the Court notes that, on its face, Mr. Campbell's Complaint immediately implicates significant legal hurdles that could impede the ultimate success of his claims. By way of example, when the Court reads Mr. Campbell's Complaint, (ECF No. 11), and sees therein many claims by Mr. Campbell against Judge Bernard for her judicial rulings relative to his state court cases, it seems reasonably likely that Judge Bernard will be able to claim judicial immunity relative to most, if not all, of Mr. Campbell's assertions against her in her individual capacity. *Andrews v. Hens-Greco*, 641 F. App'x 176, 179 (3d Cir. 2016) ("Under the doctrine of absolute judicial immunity, a judge is generally immune from suit in his or her individual capacity for money

damages."); *Weir v. Napiorski*, No. 21-1243, 2021 WL 5320855, at *2 (3d Cir. Nov. 16, 2021) (affirming District Court's denial of motion for appointment of counsel on ground that plaintiff's claim lacked arguable legal merit where claim was barred by defendant's prosecutorial immunity). However, even assuming without deciding that Mr. Campbell's claims do have some arguable merit in law and fact, the Court finds that the *Tabron* factors weigh against the Court requesting counsel for Mr. Campbell, as the Court now explains.

Indeed, with respect to Mr. Campbell's ability to present his own case, the Court readily concludes, from Mr. Campbell's many pleadings in this matter and others, that he is literate and more than capable of arguing his case to this Court. *Montgomery*, 294 F.3d at 501 (noting that, in considering a plaintiff's ability to present his case, a court should consider factors like the plaintiff's education, literacy, prior work experience, prior litigation experience, ability to understand English, and the restraints placed upon a prisoner plaintiff by confinement). While Mr. Campbell asserts, in his Motion at ECF No. 28, that his access to the law library was limited or perhaps eliminated altogether, the Court has received many filings from Mr. Campbell evidencing a workable familiarity with the law and the ability to prosecute his claims. This fact indicates to the Court that Mr. Campbell is either familiar with a broad portion of the law from prior cases or has had (and may now again have) tolerably good access to the law library. Therefore, Mr. Campbell's ability to present his own case, which is "[p]erhaps the most significant of *Tabron's* post-threshold factors[,]" *Montgomery*, 294 F.3d at 501, weighs against granting Mr. Campbell's Motion.

Further, the Court finds that the legal issues presented by Mr. Campbell's Complaint, (ECF No. 11), are not particularly difficult, and the Court also concludes that this case does not appear to require particularly complex credibility determinations. Likewise, at present, the Court does not

foresee any significant need for expert witnesses in this matter. In sum, the Court concludes that Mr. Campbell is able to appropriately facilitate this Court's understanding of his claims, and the Court has every reason to believe this matter will be able to reach an appropriate conclusion in accordance with the law with Mr. Campbell continuing to represent himself. Therefore, after considering all of the factors and considerations above, the Court denies Mr. Campbell's Motion at ECF No. 28. *Hodges*, 2023 WL 12031721, at *2 (denying motion for appointment of counsel where plaintiff's claim did not present particularly difficult legal issues, plaintiff was apparently literate, and plaintiff's case did not appear to require particularly complex credibility determinations).

**IV. The Court Denies Mr. Campbell's Motion to Move State Court Criminal Cases Against Him to this Court (ECF No. 22)**

In Mr. Campbell's Motion at ECF No. 22, he seeks the "removal of criminal matters in the Blair County Court of Common Pleas, Pennsylvania case no.'s CP-07-CR-0001328-2020, CP-07-CR-0000749-2022 to [the] Jurisdiction [of this Court] pursuant to 28 U.S.C. [§] 1443[.]" (*Id.* at 1).

28 U.S.C. "Sections 1442, 1442a, and 1443 provide 'limited circumstances in which a criminal state court prosecution can be removed to federal court.'" *Stevens v. Hamilton Twp.*, No. 24-CV-5685, 2025 WL 90037, at *2 (D.N.J. Jan. 13, 2025) (quoting *Pennsylvania v. Smith*, No. 24-1499, 2024 WL 3594362, at *1 (3d Cir. July 31, 2024) and noting that "§§ 1442, 1442[a], 1443(2) can be ruled out as Defendant is not alleged to be a federal or state officer, public employee, or a member of the armed forces."). For Section 1443(1) to apply, "'a state court defendant must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law providing for equal civil rights; and (2) that he is denied or cannot enforce that right in the courts of the state.'" *Id.* (quoting *Delaware v. Desmond*, 792 F. App'x 241, 242 (3d Cir. 2020)).

To satisfy the second prong, a denial of rights must "usually be manifest in a formal expression of state law … such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case." *Bayview Loan Servicing LLC v. Farzan*, 720 F. App'x 678, 679 (3d Cir. 2018) (internal quotation marks and citation omitted).

Further, Section 1455(b)(1) "'prescribes the procedure for a state criminal defendant to remove a state criminal prosecution to federal court[.]'" *Stevens*, 2025 WL 90037, at *2 (quoting *PA v. Holloway*, No. 24-2209, 2024 WL 5103009, at *1 (3d Cir. Dec. 13, 2024)). Under Section 1455(b)(1), a "notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier," except that "for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time."

Here, based on this Court's review of the docket for the two criminal cases Mr. Campbell seeks to remove to this Court, it appears he has plead guilty and been sentenced in his 2020 case, and it appears he has plead guilty and is pending sentencing in his 2022 case. *Docket Sheet for CP-07-CR-0001328-2020*, UNIFIED JUDICIAL SYSTEM OF PA, https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-07-CR-0001328-2020&dnh=eIcfFEHVMnzEXZfmbL9ywQ%3D%3D (last visited Sept. 21, 2026); *Docket Sheet for CP-07-CR-0000749-2022*, UNIFIED JUDICIAL SYSTEM OF PA, https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-07-CR-0000749-2022&dnh=ydjuWLd8oqZgtkC6Wp1Jrg%3D%3D (last visited Sept. 21, 2026). Therefore, the Court finds that Mr. Campbell's Motion is procedurally improper insofar as he is attempting to remove two state court cases in which he has already plead guilty. *Stevens*, 2025 WL 90037, at *3

("As the matters Stevens attempts to remove have long concluded, the Motion is untimely and must be dismissed.").

Substantively, even taking all of Mr. Campbell's unsupported allegations[3] as true, he has not pointed to "a formal expression of state law … such as a state legislative or constitutional provision" that is manifesting the denial of his federally protected civil rights. *Bayview*, 720 F. App'x at 679 (internal quotation marks and citation omitted) ("As the District Court properly concluded, Farzan has not identified any New Jersey law that would preclude him from vindicating his federal rights or otherwise shown that the New Jersey courts could not enforce those rights.").[4] Accordingly, the Court denies Mr. Campbell's Motion at ECF No. 22.

## V. Remaining Miscellaneous Motions

The Court has now resolved the three Motions in this case that require the most discussion by the Court. Before concluding, the Court turns its attention to the remaining ten Motions, addressing each expeditiously.

### A. The Court Denies Mr. Campbell's Motions at ECF Nos. 33, 35, and 58

On October 24, 2025, the Clerk's Office docketed Mr. Campbell's first Motion for a Temporary Restraining Order ("T.R.O.") and Preliminary Injunction ("P.I."). (ECF No. 17). On October 29, 2025, the Court issued a Memorandum Order denying Mr. Campbell's Motion for a T.R.O. and P.I. (ECF No. 18). In the Court's Memorandum Order, it noted that, at the "heart of

---

[3] The Court in no way finds these unsupported allegations to be true. The Court stresses that, because Mr. Campbell has simply alleged that a group of people have conspired against him, without providing any particularity regarding that alleged conspiracy, he has left the Court in no place to find that such a conspiracy has in fact occurred or does in fact exist. The Court therefore assumes that these unsupported allegations are true *only* for the purpose of explaining why they do not warrant the granting of Mr. Campbell's Motions *even if they did have a basis in fact*.

[4] Specifically, Mr. Campbell has not explained how Operation Our Town is precluding him from raising his federal rights in state court. (ECF No. 22). Mr. Campbell's explanation is especially deficient given the fact that he appears to have plead guilty to the charges against him in the two cases that he is now seeking to remove to this Court.

Mr. Campbell's request for a T.R.O. or P.I. [was] the allegation that his underlying state: arrest, trial, conviction, bail amount, and sentence are all unlawful." (*Id.* at 1). Along these lines, it seemed to the Court that Mr. Campbell was, "at least partially, seeking a T.R.O. or P.I. directing his release from state imprisonment[.]" (*Id.* at 2). Therefore, because Mr. Campbell was seeking relief that may only be brought to this Court via a habeas petition, if at all, the Court found that Mr. Campbell had failed to show a likelihood of success on the merits relative to that requested relief. (ECF No. 18 at 2–3) (quoting and citing *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002)). Finally, insofar as Mr. Campbell was "seeking injunctive relief relative to past harm or harm pertaining to his alleged current conditions of his confinement as such, the Court [found] that he [had] failed to satisfy the irreparable harm requirement." (*Id.* at 3–4) (offering additional explanation for that holding). Accordingly, the Court denied Mr. Campbell's Motion for a T.R.O. or a P.I. at ECF No. 17. (ECF No. 18 at 4).

In Mr. Campbell's Motions at ECF Nos. 33 and 35, he asks the Court to vacate its prior Order on his Motion for a T.R.O. and a P.I. (ECF Nos. 33, 35). But Mr. Campbell has not offered the Court anything other than reiterations of old and unavailing arguments in support of his request, leading the Court to deny his Motions to Reconsider at ECF Nos. 33 and 35. *In re Energy Future Holdings Corp.*, 904 F.3d 298, 310 (3d Cir. 2018) ("We have, on occasion, stated that lower courts possess inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so.") (cleaned up). Likewise, the Court finds that Mr. Campbell's Motion for a T.R.O. and P.I. at ECF No. 58 is unavailing for the reasons the Court outlined in its Memorandum Order at ECF No. 18, and the Court therefore denies his Motion at ECF No. 58 on that basis.[5]

---

[5] In Mr. Campbell's Motion at ECF No. 58, he also mentions a "second claim of retaliation by [Judge] Bernard" and indicates that he is seeking to compel discovery. (*Id.* at 1). Insofar as Mr. Campbell mentions another retaliation claim, the Court understands that to pertain to his request for a T.R.O. or a P.I., which is unavailing. Further, insofar as Mr. Campbell seeks leave to amend his Complaint to state an additional claim as against Judge Bernard, he shall file a

### B. The Court Denies Mr. Campbell's Motion at ECF No. 32

In Mr. Campbell's Motion at ECF No. 32, he argues that his Motion to vacate this Court's October 28, 2025, Memorandum Order denying his Motion for a T.R.O. or a P.I. is not on the docket. (ECF No. 32 at 1). He also takes issue with a filing in another case that he contends went missing. (*Id.* at 1–2).

As the Court explained above, *see supra* Section V.A, after ECF No. 32, two of Mr. Campbell's Motions to Vacate were placed on the docket. (ECF Nos. 33 and 35).[6] Further, Mr. Campbell filed another Motion for a T.R.O. and a P.I. that was docketed at ECF No. 58. Therefore, insofar as the Motion that Mr. Campbell referenced in his filing at ECF No. 32 has been docketed, or at the very least a substantively similar Motion(s), the Court denies Mr. Campbell's Motion at ECF No. 32 as moot.[7]

### C. The Court Denies Mr. Campbell's Motion at ECF No. 29

In Mr. Campbell's Motion at ECF No. 29, he states that he has twenty percent of the money in his prisoner account removed for a state fine each month, twenty percent removed for this case each month, and twenty percent removed for another federal case each month. (*Id.*). He asks that this Court "advise prison officials of amount, percentage that can be removed monthly from a prisoner account that has multiple filings fees, cost[s] owe[d] to courts[.]" (*Id.*).

new motion confined to that issue, so that the Court and Defendants may understand exactly what Mr. Campbell seeks to raise by way of a potential amended complaint. Finally, insofar as Mr. Campbell seeks discovery, his request is premature at this time. If Mr. Campbell's Complaint survives Defendants' Motion to Dismiss, the Court will set an appropriate schedule for discovery in due course. Therefore, the Court denies Mr. Campbell's Motion at ECF No. 58 in full.

[6] On the final page of ECF No. 33, Mr. Campbell indicates that that document is the "Motion that is missing from Docket Sheet on case 3:25-cv-127." (*Id.* at 3).

[7] Insofar as Mr. Campbell mentions a filing in another case, 20-cv-151, (ECF No. 32 at 2), the Court declines to take any action relative to that case in this one.

With respect to the fees removed from Mr. Campbell's account relative to this case, the Court notes that its Order directing the removal and payment of those fees, (ECF No. 10), is predicated on binding federal law. *Ragland v. Comm'r NJ Dep't of Corr.*, 717 F. App'x 175, 176 n.2 (3d Cir. 2017) ("The PLRA requires prisoners proceeding in forma pauperis to pay the entire filing fee and provides a formula for calculating the amount of the initial filing fee payment and of the payments on the outstanding balance. *See* 28 U.S.C. §§ 1915(b)(1) & (2)."). With respect to the monies removed from Mr. Campbell's account for his state fine and another federal case, Mr. Campbell has given this Court no reason whatsoever to find that the removal of those funds is in any way improper or in any way a matter in which this Court should involve itself. (*See* ECF No. 29). Therefore, the Court denies Mr. Campbell's Motion at ECF No. 29.

**D. The Court Denies Mr. Campbell's Motion at ECF No. 34**

In Mr. Campbell's Motion at ECF No. 34, he seeks to have a case that was transferred from the Middle District of Pennsylvania "transfer[red] to another court." (*Id.*). But this case was transferred here from the Eastern District of Pennsylvania. (ECF No. 6). Therefore, insofar as Mr. Campbell's Motion at ECF No. 34 pertains to another case, the Court denies it.

**E. The Court Denies Mr. Campbell's Motion at ECF No. 36**

In Mr. Campbell's Motion at ECF No. 36, which was docketed on January 16, 2026, he lodges a number of requests that pertain to other cases. (*See id.*). With respect to this case, he again asks "for [] Defendants [to] be served with the complaint, and memorandum of law in support, that Defendant in [25-]cv-346 be served or transfer the matters back to the court [that] transferred the matters to this court[.]" (*Id.* at 2).[8] On February 19, 2026, the Court entered an Order directing the United States Marshals Service to send the Complaint and other relevant documents in this case to

[8] Once again, the Court will not take any action relative to any other case, including 25-cv-346, in this one.

the JCB and Judge Bernard. (ECF No. 40). On April 8, 2026, an entry was placed on the docket indicating that the Complaint and other documents had been mailed to Defendants. (ECF No. 43). Finally, on April 14, 2026, both Defendants in this case waived service. (ECF Nos. 47, 48). Therefore, based on these developments, the Court denies Mr. Campbell's Motion at ECF No. 36 as moot.

### F. The Court Denies Mr. Campbell's Motions at ECF Nos. 38 and 53

In Mr. Campbell's Motion at ECF No. 38, he seeks Declaratory Relief and requests that the docket sheet be provided to him. In Mr. Campbell's Motion at ECF No. 53, he seeks Judgment on the Pleadings. Mr. Campbell's requests for Declaratory Relief and Judgment on the Pleadings are both premature at this stage in this case, and the Court therefore denies both requests without prejudice. *White v. Calcon Mutual Mortg., LLC*, No. 2:25-CV-2026, 2026 WL 1041901, at *1 (W.D. Pa. Apr. 17, 2026). As a courtesy to Mr. Campbell, the Court directs the Clerk to mail him a copy of the docket in this matter upon docketing this Opinion and the Order that follows it.

### G. The Court Orders Mr. Campbell to Respond to Defendants' Motion to Dismiss at ECF No. 51

Turning finally to Defendants' Motion to Dismiss at ECF No. 51, the Court notes that Mr. Campbell has yet to respond to that Motion. The Court therefore orders Mr. Campbell to file his Brief in Opposition to Defendants' Motion to Dismiss at ECF No. 51 on or before **October 22, 2026**. Defendants may file a Reply on or before **October 29, 2026**

## VI. Conclusion

For the reasons stated above, the Court denies each of the following Motions: ECF Nos. 22, 28, 29, 32, 33, 34, 35, 36, 38, 39, 53, and 58. As a courtesy to Mr. Campbell, the Court directs the Clerk to mail him a current copy of the docket sheet in this case after docketing the Opinion and the Order that the Court issues today.

Finally, the Court orders Mr. Campbell to file his Brief in Opposition to Defendants' Motion to Dismiss at ECF No. 51 on or before **October 22, 2026**. Defendants may file a Reply on or before **October 29, 2026**.

An appropriate Order will be entered.

Dated: September 30, 2026

Stephanie L. Haines
United States District Court Judge

**Notice by U.S. Mail to:**

Dwight Campbell
QP4379
SCI Dallas
1000 Follies Road
Dallas, PA 18612

Smart Communications/PADOC
Dwight Campbell
QP4379
SCI Smithfield
PO Box 33028
St. Petersburg, FL 33733[9]

[9] The Court notes that Mr. Campbell's most recent Notice of Change of Address (ECF No. 49) indicates that he is housed at SCI Dallas. However, the envelope containing his most recent filing, (ECF No. 61-1), and the Pennsylvania Department of Correction's Inmate Locator both indicate he is now housed at SCI Smithfield. The Court therefore sends this Opinion and the Order it issues today to Mr. Campbell at both addresses as a courtesy to him. Moving forward, the Court reminds Mr. Campbell that it is his responsibility to keep the Court apprised as to his location and any change(s) in his address.